UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KAREN MARIE KLINE,

      Debtor.

No. 13-05-12174 JS

KAREN MARIE KLINE,

      Plaintiff,

v.

Adv. No. 08-1146 J

JILL MARIE TIEDEMANN, CHERYL CALDER,
and STEPHEN MOFFAT,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the various motions for summary judgment filed by the parties. Defendant Stephen Moffat, acting *pro se*, filed a Motion for Summary Judgment on April 27, 2009 ("Moffat Summary Judgment Motion") (Docket No. 38). Defendant Cheryl Calder, acting *pro se*, filed a Motion for Summary Judgment on May 6, 2009. (Docket No. 50). Defendant Jill-Marie Tiedemann, acting *pro se*, filed a Motion for Summary Judgment on May 8, 2009. (Docket No.52). The summary judgment motions filed by Ms. Calder and Ms. Tiedemann hereafter are called the "Calder and Tiedemann Summary Judgment Motions." Plaintiff Karen Marie Kline, acting *pro se*, filed a Motion for Summary Judgment and Memorandum in Support on May 12, 2009 ("Kline Summary Judgment Motion"). (Docket No. 55).

Ms. Kline seeks compensatory and punitive damages, costs and interest under 11 U.S.C. §362(h)[1] based on Defendants' alleged willful stay violations committed by continuing instead of dismissing litigation in state magistrate court that had been commenced post-petition and by prosecuting appeals in the litigation. Ms. Kline also seeks damages based on Mr. Moffat's alleged deceit or collusion in violation of NMSA §36-2-17 for alleged conduct during the appeal from a magistrate court judgment. The litigation in question is Cause No. M49CV 2005-00370, Magistrate Court, Division 1, Santa Fe County, New Mexico (the "State Court Action").

Ms. Kline asserts that she is entitled to summary judgment on her claims for damages for willful violation of the automatic stay. She asserts that Ms. Calder's and Ms. Tiedemann's conduct during the State Court Action and subsequent appeals and the statements contained in their Motions for Summary Judgment show that they willfully violated the automatic stay. Ms. Kline further asserts that Ms. Calder and Ms. Tiedemann failed to take affirmative action to undo or reverse their stay violation, and that Mr. Moffat's conduct during the appellate process violated the automatic stay and was deceitful.

Ms. Calder and Ms. Tiedemann assert that they did not violate the automatic stay because the State Court Action was not tried until after Ms. Kline's bankruptcy was dismissed. Alternatively, they assert that even if the filing and service of the complaint in magistrate court violated the automatic stay, it was a technical violation because at the time they commenced the State Court Action and served the complaint they were unaware of Ms. Kline's bankruptcy filing; and after the complaint was filed and served they took no further action in the litigation until the trial in the State Court Action in November 2005, some four months after the dismissal

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") re-designated §362(h) as §362(k). However, revisions to §362 made by BAPCPA do not apply in this case because the alleged stay violation occurred prior to the effective date of BAPCA as it relates to 11 U.S.C. §362. The Court therefore will cite to §362(h) in this opinion, not §362(k).

of Ms. Kline's bankruptcy case. They also assert "there is simply no statement of what defendants may have done wrong and how that particular wrong may have caused harm to the plaintiff."[2] Finally, Ms. Calder and Ms. Tiedeman assert that all claims against them should be dismissed on the basis that the complaint fails to state a claim on which relief can be granted, *res judicata, collateral estoppel,* and *laches*. Ms. Kline, in her response to the Calder and Tiedemann Summary Judgment Motions, asserts that Ms. Calder and Ms. Tiedeman admitted to violating the automatic stay, and that the statements by them in their summary judgment motions, "if we had know (sic), I doubt we would have thought we should do anything differently,"[3] are admissions of willfulness and intent to violate the stay. Ms. Kline also asserts that Ms. Calder and Ms. Tiedemann willfully violated the stay by not dismissing the State Court Action after they learned of Ms. Kline's bankruptcy case.

Mr. Moffat asserts that he did not violate the stay because his first involvement in the State Court Action did not occur until 18 months after Ms. Kline's bankruptcy case was dismissed. He further asserts that all claims against him should be dismissed on the basis that the complaint fails to state a claim on which relief can be granted; *res judicata*; *collateral estoppel*; and *laches*. In her response to the Moffat Summary Judgment Motion, Ms. Kline reiterates her claims that Defendants violated the automatic stay; asserts that *res judicata* and *collateral estoppel* do not apply; and objects to Mr. Moffat's exhibits, claiming they are inadmissible because they are not certified copies.[4]

---

[2] *See* Defendants' Joint Response to Plaintiff's Motion for Summary Judgment and to Plaintiff's Corrected Motion for Summary Judgment (Doc.60).

[3] *See* Plaintiff's Objection to Defendant Tiedemann's Motion for Summary Judgment and Memorandum and Affidavit in Support (Doc.54) at 15; Plaintiff's Objection to Defendant Calder's Motion for Summary Judgment and Memorandum and Affidavit in Support (Doc.53) ¶6 at 2.

[4] Ms. Kline provided many of the same documents to support her Motion for Summary Judgment that she objects are not admissible. Plaintiff, to the extent she used the very same documents as Defendants to support her summary judgment motion or attached those documents to her complaint, has admitted to their authenticity and waived her objection to their admissibility. The Court will therefore overrule Plaintiff's objections to Defendants' exhibits

-3-

The Court having reviewed the motions and responses, and being sufficiently advised, finds that the evidence presented is sufficient to grant summary judgment in favor of Mr. Moffat on the issue of violation of the stay, and in favor of Ms. Calder and Ms. Tiedemann. Therefore the Court will grant the Moffat Summary Judgment Motion on the issue of violation of the stay and will grant the Calder and Tiedemann Summary Judgment Motions, and will dismiss with prejudice Ms. Kline's claims for violation of the automatic stay against all Defendants. The Court further finds that the evidence presented is not sufficient to grant summary judgment on the Kline Summary Judgment Motion, and therefore will deny that motion. Finally, the Court finds that it does not have jurisdiction to adjudicate any claims arising from the alleged violation under NMSA §36-2-17, and therefore will dismiss Ms. Kline's claim against Mr. Moffat under NMSA §36-2-17 without prejudice to her bringing the claim in a court of competent jurisdiction.

SUMMARY JUDGMENT STANDARD

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c) made applicable to this adversary proceeding by Fed. R. Bankr.P 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Courts must review the evidentiary materials submitted in support of a motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production,

---

where Plaintiff provided the same exhibits in support of her Motion for Summary Judgment or attached the documents to her complaint filed in this adversary proceeding.

-4-

then summary judgment must be denied.[5] Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Any documentary evidence submitted in support of summary judgment must either be properly authenticated or self-authenticating under the Federal Rules of Evidence. *Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16 (D. Mass. 2006). Furthermore, New Mexico Local Bankruptcy Rule 7056-1 provides that the movant's statement of material facts as to which the movant contends no genuine fact exists must "refer with particularity to those portions of the record upon which the movant relies." *NM LBR* 7056-1.

## FACTS AS TO WHICH NO GENUINE DISPUTE HAS BEEN RAISED IN THE RECORD

Ms. Kline filed her voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*, on March 21, 2005, commencing a bankruptcy case assigned No. 05-12174 (sometimes, the "Chapter 13 Case"). On July 13, 2005, the Chapter 13 Case was dismissed.

On September 17, 2003, Ms. Kline, as lessor, and Ms. Calder and Ms. Tiedemann, as lessees, entered into a Residential Lease ("Lease") for the rental of a house in Santa Fe, New Mexico, effective September 27, 2003. Under the terms of the lease Ms. Calder and Ms. Tiedemann paid Ms. Kline a security deposit in the amount of $850.00. On January 16, 2005, Ms. Calder and Ms. Tiedemann moved out of the rental unit and requested a refund of their security deposit. Ms. Kline refused to return the deposit asserting they breached the lease. On March 25, 2005, four days after Ms. Kline commenced her Chapter 13 Case, Ms. Calder and Ms.

---

[5] *See, e.g. D.H. Blair & Co., Inc. v. Gottidiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied. . ..")(quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2nd Cir. 2004)(emphasis in original)); *One Piece of Real Property Located At 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

-5-

Case 08-01146-j    Doc 63    Filed 02/08/10    Entered 02/08/10 11:36:32 Page 5 of 16

Tiedemann filed a complaint ("Complaint") against Ms. Kline in the State Court Action to recover their deposit in the amount of $850.00. The Complaint was served on Ms. Kline on April 26, 2005 by personal service.

When they commenced the State Court Action and served the complaint, neither Ms. Calder nor Ms. Tiedemann had any notice or knowledge of the Chapter 13 Case.[6] Ms. Kline did not list or otherwise include Ms. Calder or Ms. Tiedemann in her bankruptcy schedules or statement of financial affairs filed in the Chapter 13 Case on March 21, 2005 ("the Schedules") (Docket No. 1 in the Chapter 13 Case).[7] Consequently, Ms. Calder and Ms. Tiedemann were not included on the mailing list for the Chapter 13 Case used to notify parties in interest of the commencement of the case. The Certificate of Service filed of record in the Chapter 13 Case relating to service of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines does not reflect service of the Notice on Ms. Calder, Ms. Tiedemann or Mr. Moffat (Docket No.4 in the Chapter 13 Case).

On June 7, 2005, Ms. Kline filed her Answer to Civil Complaint ("Answer") in the State Court Action. In her answer, she disclosed to Ms. Calder and Ms. Tiedemann, for the first time, the filing of her Chapter 13 Case and asserted that the State Court Action was stayed.[8] At that time, a motion to dismiss the Chapter 13 Case, filed April 15, 2005, was pending. (Docket No.8 in the Chapter 13 Case). Ms. Kline never contacted Ms. Calder or Ms. Tiedemann prior to

---

[6] Defendant Calder's and Tiedemann's statement of material facts, supported by competent affidavit testimony, states that when the Complaint was filed and served they unaware of the filing of the Chapter 13 Case, and they took no action to prosecute the State Court Action after learning of the Chapter 13 Case in June 2005 until the trial of the State Court Action in November 2005, which was after the Chapter 13 Case was dismissed. (Tiedemann Aff. ¶ 9.).

[7] Ms. Kline admits that she did not list Cheryl Calder or Jill Marie Tiedemann as creditors in her Schedules. *See* Plaintiff's Objection to Defendant Tiedemann's Motion for Summary Judgment and Memorandum and Affidavit in Support (Docket No.54) at ¶6.

[8] Ms. Kline admits that she informed Ms. Calder and Ms. Tiedemann of her bankruptcy filing in her Answer filed on June 7, 2005. *See* Plaintiff's Objection to Defendant Tiedemann's Motion for Summary Judgment and Memorandum and Affidavit in Support (Docket No.54) at ¶6.

dismissal of the Chapter 13 Case on July 13, 2005 to request that they dismiss the State Court Action.[9]

Ms. Calder and Ms. Tiedemann took no affirmative action to prosecute their claim in the State Court Action from the time they gained knowledge of the Chapter 13 Case until after the Chapter 13 Case was dismissed on July 13, 2005.[10] Ms. Calder and Ms. Tiedemann also took no action to dismiss the State Court Action after they gained knowledge of the Chapter 13 Case.[11]

The Magistrate Court held a trial on the merits in the State Court Action on November 22, 2005, and entered a judgment in favor of Ms. Calder and Ms. Tiedemann on November 28, 2005. On December 14, 2005, Ms. Kline filed a Notice of Appeal thereby commencing Cause No. D0101 CV 2005 02766, First Judicial District Court, Santa Fe County, New Mexico ("Appeal"). Mr. Moffat agreed to represent Ms. Calder and Ms. Tiedemann in the appeal. He entered his appearance on February 7, 2007. Mr. Moffat took no action with respect to the State Court Action or Ms. Kline prior to February 2007.

DISCUSSION

A. <u>Claims Against Defendants Tiedemann and Calder For Willful Violation of the Stay.</u>

Upon the filing of a voluntary petition under the Bankruptcy Code, 11 U.S.C. § 362 imposes an automatic stay applicable to all entities that, among other things, prohibits certain actions against the debtor or against property of the bankruptcy estate unless the stay is modified

---

[9] *See* Tiedemann Aff. at ¶¶8-11. Ms. Kline only avers that she informed Ms. Calder and Ms. Tiedemann of her bankruptcy filing in her Answer filed on June 7, 2005. *See* Plaintiff's Objection at ¶7.
[10] *See* Tiedemann Aff. at ¶10.
[11] *See* Tiedemann Aff. at ¶10.

-7-

to permit those actions. 11 U.S.C. §362(a). The scope of the automatic stay is broad[12] and, among other things, specifically prohibits:

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. §362(a)(1).

By the express terms of Section 362(a), any action taken by a creditor to commence or continue litigation against the debtor, unless excepted from the stay under 11 U.S.C. §362(b), violates the automatic stay. Actions taken without notice or knowledge on the part of a creditor of the commencement or pendency of the bankruptcy case nevertheless violate the stay, but the violation is merely "technical"[13] and no damages are to be awarded.[14] "Notice of the commencement or pendency of a bankruptcy case need not be formal in nature 'where the creditor had sufficient facts which would cause a reasonably prudent person to make further inquiry'."[15]

Neither Ms. Calder nor Ms. Tiedemann, both *pro se,* were included in Ms. Kline's bankruptcy schedules or the mailing list of the bankruptcy case, and neither had notice or

---

[12] *E.g. Sternberg v. Johnston*, 582 F.3d 1114, 1119 (9th Cir. 2009); *Acands, Inc. v. Travelers Casualty and Surety. Co*., 435 F.3d 252, 259 (3rd Cir. 2006); *Bartucci v. O'Neil*, 64 Fed. Appx 344, *2 (3rd Cir. 2003).

[13] "Technical" violation of the stay" as used by this Court means a stay violation committed without notice or knowledge of the bankruptcy case in which the stay was violated.

[14] *In re McMullen*, 386 F.3d 320,330 (1st Cir. 2004)("Absent such knowledge [of the bankruptcy case] on the part of a creditor, however, the violation is merely 'technical,' and no damages are to be awarded"); *In re Kolberg*, 199 B.R. 929, 933 (W.D. Mich. 1996) ("To award damages under 11 U.S.C. § 362(h), the court must find a willful violation of the automatic stay"); *In re Galmore*, 390 B.R. 901, 906 (Bankr. N.D. Ind. 2008) ("Sanctions should not be imposed where there has been a technical violation of the stay"); *In re Rijos*, 260 B.R. 330, 340 (Bankr. D. Puerto Rico 2001) ("a technical violation does not warrant the imposition of sanctions except for the affirmative duty to restore the status quo after learning of the stay"); *In re Jackson*, 2000 WL 33943201, *1 (Bankr. S.D. Ga. 2000) ("In order to recover damages the violation must be willful"); *Shadduck v. Rodolakis*, 221 B.R. 573, 585 (Bankr. D. Mass. 1998)(no damages are allowable for technical violation, even where debtor incurred attorney fees as result of violation).

[15] *In re Reed*, 102 BR 243, 245 (Bankr.E.D.Okl.,1989) (citing *In re Bragg*, 56 BR 46,49(Bankr.M.D.Ala 1985). *See also* In re WVF Acquisition, LLC, _B.R._, 2009 WL 4281487 (Bankr. S.D. Fla. 2009); In re Reynolds, 2008 WL 373521, *8 (Bankr. D. Kan. 2009).

knowledge of the Chapter 13 Case when they commenced the State Court Action or served process. Nor were there any facts present that should have caused them to make any further inquiry as to whether Ms. Kline was a debtor in a bankruptcy case. Ms. Calder's and Ms. Tiedemann's violation of the stay by commencement of the State Court Action and service of process was a technical violation for which no damages are warranted.

Section 362(h) provides that an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorneys fees and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(h). "A debtor alleging a [willful] violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation."[16] A "willful violation" does not require a specific intent to violate the automatic stay but only knowledge of the automatic stay and intentional acts that violated the stay.[17] Courts have consistently held that a creditor with knowledge of the pending bankruptcy case is charged with knowledge of the automatic stay.[18] In other words, knowledge of a pending bankruptcy case constitutes knowledge of the automatic stay.[19]

---

[16] *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007). *See also In re Scroggin*, 364 B.R. 772, 780 (10th Cir. BAP 2007).

[17] *E.g. In re Chestnut,* 422 F.3d 298, 302 (5th Cir. 2005); *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003); *KCH Services, Inc., v. Nordam Group, Inc.*, 345 B.R. 542, 548 n. 5 (W.D.N.C. 2006); *In re Tezla*, 2009 WL 212542, *2 (Bankr. E.D. Pa. 2009); *In re Campbell*, 398 B.R. 799, 811-12 (Bankr. D.Vt. 2008). *See also In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009) ("A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding").

[18] *KCH Services, Inc., v. Nordam Group, Inc.*, 345 B.R. 542, 548 n. 5 (W.D.N.C. 2006) (a party with knowledge of the bankruptcy case is charged with knowledge of the automatic stay); *In re Long*, 2009 WL 981134, *4 (Bankr. D. Mont. 2009) (same); In re Tezla, 2009 WL 212542 (Bankr. E.D. Pa. 2009) (once Debtor advised [Creditor] that she had filed for Chapter 13 relief . . . [Creditor] was charged with knowledge of the automatic stay").

[19] *In re Webb*, 2009 WL 1490034, *1 (Bankr. S.D. Ill. 2009) ("Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay"); *In re Dugas,* 2009 WL 3297958, *8 (Bankr. EDTex 2009) (knowledge of a pending bankruptcy case constitutes knowledge of the automatic stay); *In re Wagner*, 74 BR 898, 904 (Bankr E.D.PA 1987) ("[K]nowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay.").

The central issue raised by the Kline Summary Judgment Motion, as it relates to her claims against Ms. Calder and Ms. Tiedemann, is whether their failure to dismiss the State Court Action after learning of Ms. Kline's Chapter 13 Case constituted a willful violation of the stay. It is well established that even a technical stay violation (one committed without knowledge of the stay) can become willful for purposes of Section §362(h) if the creditor fails to remedy the violation after receiving notice of the automatic stay.[20] For example, courts have found willful violations of the stay where a creditor failed to remedy a technical stay violation after learning of a pending bankruptcy case in the context of failure to terminate a writ of garnishment,[21] failure to return repossessed collateral,[22] failure to seek to vacate a state court contempt order,[23] and failure to dismiss state court litigation.[24]

The Ninth Circuit confronted a similar issue to the issue now before this Court in *In re Eskanos & Adklerm P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002). In *Eskanos*, a financial institution creditor commenced a state court collection action against the debtor on August 28 after having received notice of the commencement of debtor's bankruptcy case on August 23. Process was served on September 5. The day after service of process, debtor's counsel attempted to contact the creditor's counsel, but no lawyer at the creditor's firm would speak to

---

[20] For cases within the Tenth Circuit, *see e.g.,*, *In re Johnson*, 501 F.3d at 1172 (refusal to return car repossessed in violation of the stay after learning of the bankruptcy filing constituted a willful stay violation); *In re Scroggin*, 364 at 780 (The creditors "refusal to take affirmative action to get the garnishment stopped cannot be seen as anything other than intentional conduct"); *In re Diviney*, 225 B.R. 762, 776 (10th Cir. BAP 1998). *See also Campbell v. Countywide Home Loans, Inc.,* 545 F.3d 348, 354 (5th Cir. 2008); *Eskanos & Alder, P.C. v. Leetien*, 309 F.3d 1210, (9th Cir. 2002); *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 -05 (2nd Cir. 1990); *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 328 (3rd Cir. 1990).

[21] *In re Scroggin*, 364 B.R. at 780(creditor failed to stop a garnishment).

[22] *In re Johnson,* 501 F.3d at 1172 (creditor refused to return a car repossessed in violation of the stay after learning of the bankruptcy filing); *Brown v. Joe Addison, Inc*., 210 B.R. 878 (Bankr. S.D. Ga 1997) (duty to return vehicle repossessed post-petition without knowledge of the bankruptcy case).

[23] *In re Smith*, 180 B.R. 311, 320-21 (Bankr. N.D.Ga.1995) (creditor's attorney's refusal to check bankruptcy records to verify existence of bankruptcy filing, after verbal notification by debtor's counsel, resulting in the issuance of contempt order and debtor's incarceration was willful violation of the stay).

[24] *In re Eskanos & Adklerm P.C. v. Leetien*, 309 F.3d 1210, 1214-15 (9th Cir. 2002) (creditor's unjustified delay in dismissing state court litigation after learning of the bankruptcy filing notwithstanding the debtor's demands on creditor's counsel constituted a willful violation of the stay).

-10-

him.  Debtor's counsel left a message with a legal assistant at the firm the creditor had retained, and sent two faxes to the firm requesting that the creditor dismiss the state court action or take steps to place it on the court's stay calendar.  About three weeks later, having received no response from creditor's counsel, debtor's counsel learned from the state court that the collection action remained on the court's active calendar.  The creditor thereafter dismissed the state court action, but made no attempt to contact debtor's counsel to give an explanation for the delay until after the debtor filed a motion for willful violation of the stay.  *Id*. at 1212.  The creditor argued that due to its large size and the many thousand collection accounts it monitored, it did not have knowledge of the August 23 bankruptcy notice until it recorded the notice in its computer records on September 12. *Id.* at 1213.

The Ninth Circuit found that 11 U.S.C. § 362(a)(1)'s prohibition against the continuation of judicial actions includes the maintenance of collection actions filed in state court.  *Id.*  The Court explained that maintenance of an active collection action in state court places the debtor at risk of a default judgment and of having to retain counsel to defend against a default judgment.  It can also be used as improper leverage in negotiations.  *Id.* at 1214.  The Court held that the creditor "willfully violated the automatic stay by maintaining the active collection action and *unjustifiably delaying its dismissal* after receiving notice of the bankruptcy petition." (emphasis added).  *Id.* at 1216.

This Court agrees that commencement of a post-petition action against a debtor in state court in technical violation of the stay becomes a willful stay violation if the creditor unjustifiably delays dismissal of the litigation. Whether a delay in dismissal of the litigation is unjustifiable requires consideration of the totality of the circumstances.  Relevant factors include

-11-

1) whether the debtor asked the creditor to dismiss the litigation;[25] 2) the length of time between commencement of the bankruptcy case and when the creditor was notified of the case; 3) the length of time between the creditor learning of the bankruptcy case and dismissal of the litigation;[26] 4) whether the creditor upon learning of the bankruptcy case sought an emergency hearing on relief from the stay;[27] 5) whether the debtor suffered any prejudice as a result of the delay; and 6) any other circumstances relevant to whether the delay in dismissing the litigation was justified.

This Court finds, after considering all of the circumstances, that Ms. Calder's and Ms. Tiedemann's failure to dismiss the State Court Action after learning of Ms. Kline's Chapter 13 Case did not constitute a willful violation of the stay. Ms. Kline did not notify Ms. Calder or Ms. Tiedemann of the bankruptcy case for almost seven weeks after service of process, and there is no evidence before the Court that she made any request or demand on them to dismiss the State Court Action. Further, there is no evidence that Ms. Kline suffered legal prejudice from the delay in dismissal of the State Court Action. While the automatic stay remained in place, there was no risk to Ms. Kline of a default in the State Court Action because she had already filed an answer when she notified Ms. Calder and Ms. Tiedemann of her bankruptcy filing. Nor did Ms. Kline incur any expense in the State Court Action after she notified Ms. Calder and Ms. Tiedemann of her bankruptcy filing but prior to dismissal of the bankruptcy case, and no other circumstances existed in which the State Court Action might have been used to gain leverage in any negotiations.

---

[25] *See Will v. Ford Motor Credit Co. (In re Will)*, 303 B.R. 357, 364 (Bankr.N.D.Ill.2003); *In re Gossett*, 369 B.R. 361, 375 (Bankr. N.D. Ill. 2007);
[26] *See Gossett*, 369 B.R. at 375 (duty to cure stay violation without unreasonable delay).
[27] See *Williams v General Motors Acceptance Corporation*, 316 B.R. 534, 543-44 (Bankr. E.D. Ark. 2004) (Creditor potentially can avoid a willful stay violation by not returning a vehicle repossessed post-petition without knowledge of the bankruptcy case by requesting an emergency stay hearing).

Ms. Calder and Ms. Tiedemann took no action to prosecute the State Court Action between the time they learned in June 2005 from Ms. Kline's answer to the complaint that the Chapter 13 Case had been filed, and the time of dismissal of Ms. Kline's Chapter 13 Case four to five weeks later. Once Ms. Kline's bankruptcy case was dismissed, the automatic stay terminated by operation of law.[28] A motion to dismiss Ms. Kline's bankruptcy case was pending by the time Ms. Calder and Ms. Tiedemann were given notice of Ms. Kline's bankruptcy case. It is also clear to the Court that Ms. Calder and Ms. Tiedemann did not understand the significance of the Chapter 13 Case on the State Court Action.

Under these circumstances, the Court finds that Ms. Calder and Ms. Tiedemann did not unjustifiably delay dismissal of the State Court Action after receiving notice of the Chapter 13 Case. Thus, no willful violation of the automatic stay occurred.

B. <u>Claims Against Defendant Moffat For Willful Violation of the Stay.</u>

Mr. Moffat also asserts that he did not violate the automatic stay. Ms. Calder and Ms. Tiedemann retained Mr. Moffat to represent their interests in Ms. Kline's appeal in the State Court Action some 18 months after the dismissal of Ms. Kline's Chapter 13 Case and in a subsequent appeal by Ms. Kline. Ms. Kline asserts that Mr. Moffat's conduct in connection with the appeals violated the automatic stay because "Moffat at no time acknowledged the stay and its legal effect on the service of process despite the fact I wrote about it in my answer." [29]

The Court concludes that Mr. Moffat did not violate the stay for two reasons. First, the stay terminated by operation of law upon dismissal of Ms. Kline's Chapter 13 Case. *See* 11 U.S.C. §362(c)(2). Therefore, Mr. Moffit's actions taken thereafter did not violate the stay. Second, the Tenth Circuit has opined that an appeal is not stayed by a pending bankruptcy case

---

[28] 11 U.S.C.§ 362(c)(2)
[29] See Kline Aff. ¶ 45.

-13-

where the debtor is the appellant, even if the debtor appeals from an adverse judgment against the debtor. *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1310 (10th Cir. 2000). This Court is bound by the Tenth Circuit's decision in *Morganroth*. Ms. Kline was the appellant in the appeals in which Mr. Moffat represented Ms. Calder and Ms. Tiedemann.

Mr. Moffat did not violate the stay; consequently he cannot be held liable for a willful violation of the stay under 11 U.S.C. §362(h). Having found that Mr. Moffat did not violate the stay, the Court need not address the defenses of *res judicata*, collateral estoppel or laches.

    C.    <u>The Court Lacks Jurisdiction to Hear or Determine the Claim for Violation of NMSA 36-2-17.</u>

Kline asserts that she is entitled to summary judgment on her claim against Mr. Moffat for violation of NMSA §36-2-17 NMSA 1978. That section provides in pertinent part:

> If an attorney is guilty of deceit or collusion or consents thereto with intent to deceive the court, judge or party, he shall forfeit to the injured party, treble damages to be recovered in a civil action.
> NMSA §36-2-17 NMSA 1978

Ms. Kline contends that Mr. Moffat was deceitful in the pleadings filed in the appeals in the State Court Action regarding the applicability of the automatic stay and as a result Ms. Kline was damaged.

This Court lacks jurisdiction to hear or determine this claim.[30] The Chapter 13 Case was dismissed on July 13, 2005, long before Mr. Moffat's alleged actions occurred. Plaintiff's claim for violation of NMSA §36-2-17 1978 is governed entirely by nonbankruptcy law and exists independently of a bankruptcy case. Further, resolution of the claim would have no impact on

---

[30] Although no party raised the question of jurisdiction, this Court has an obligation to dismiss a claim *sua sponte* if the court has no subject matter jurisdiction. See *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006)( stating "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"); *Williams v. Life Sav. And Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)("It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue.")

-14-

Case 08-01146-j    Doc 63    Filed 02/08/10    Entered 02/08/10 11:36:32 Page 14 of 16

the handling or administration of the Chapter 13 Case and would have no conceivable effect on the bankruptcy estate. As a result, the claim is not a claim arising under title 11 or arising in or related to a case under title 11, and the Court has no jurisdiction to hear or determine the claim.[31]

Although the bankruptcy court has jurisdiction over certain matters after dismissal of a bankruptcy case, such as jurisdiction over a claim for willful violation of the stay or to interpret and enforce its orders,[32] Ms. Kline's claim of violation of NMSA§36-2-1 in conduct occurring during the appeals process arising after the Magistrate Court Action does not fall under the auspices of the court's post-dismissal jurisdiction. Therefore the Court will enter an order dismissing Plaintiff's claim against Mr. Moffat for violation of NMSA §36-2-17 based on lack of subject matter jurisdiction.

## CONCLUSION

The Court finds that Ms. Calder and Ms. Tiedemann have provided admissible evidence sufficient to grant Calder's Summary Judgment Motion and Tiedemann's Summary Judgment Motion, and will therefore grant each of those motions. The Court finds that Mr. Moffat has provided admissible evidence sufficient to grant the Moffat Summary Judgment Motion on the

---

[31] *See* 28 U.S.C. § 1334(a) and (b) (conferring exclusive jurisdiction on the district courts over all cases under title 11, and original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(b) (providing that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11"). S*ee also In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009) (bankruptcy courts have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11", and may hear non-core proceedings that are related to a case under title 11)(quoting 28 U.S.C. § 157(b)(1)); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (stating that "[b]ankruptcy courts have jurisdiction over core proceedings . . . ."); *VonGrabe v. Mecs (In re VonGrabe),* 332 B.R. 40, 43-44 (Bankr. M.D.Fla. 2005) (concluding that the Court lacked jurisdiction over an adversary proceeding filed by the Chapter 7 debtor where the claims at issue reverted back to the debtor upon abandonment by the trustee and the asset was no longer part of the bankruptcy estate; the outcome of the proceeding would have no conceivable impact on the administration of the bankruptcy estate)(citations omitted).
[32] *In re Johnson,* 575 F.3d 1079, 1083 (10th Cir. 2009)(Even after the dismissal of a bankruptcy case, it is appropriate for bankruptcy courts to maintain jurisdiction of proceedings involving stay violations); *In re Menk,*241 B.R. 896, 906 (9 Cir. BAP 1999); *Rodriguez v. Volpentesta (In re Volpentesta),* 187 B.R. 261, 270-71 (Bankr.N.D.Ill.1995)("Issues of dischargeability of particular debts survive dismissal"); *Elias v. U.S. Trustee (In re Elias)*, 188 F.3d 1160, 1162 (9th Cir.1999)("Issues of compensation and sanctions survive dismissal."); *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326-27(9th Cir.1986)("The bankruptcy court retains subject-matter jurisdiction to interpret orders entered prior to dismissal").

-15-

Case 08-01146-j    Doc 63    Filed 02/08/10    Entered 02/08/10 11:36:32 Page 15 of 16

issue of violation of the stay, and therefore will grant that motion on that issue. The Court finds that Ms. Kline failed to provide admissible evidence sufficient to grant her Motion for Summary Judgment, and will therefore deny that motion. Finally, the Court finds that it does not have jurisdiction to hear or determine Ms. Kline's claim against Mr. Moffat for violation of NMSA§36-2-, and will enter an order dismissing that claim based on lack of subject matter jurisdiction.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P. Appropriate orders will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: February 8, 2010

Copies to:
Karen Marie Kline, *pro se*
3255 Calle de Molina
Santa Fe, NM 87507-9262

Jill Marie Tiedemann, *pro se*
2075 Placita de Vida
Santa Fe, NM 87505

Cheryl Calder, *pro se*
P.O. box 24174
Santa Fe, NM 87502

Stephen Moffat, *pro se*
908 Fruit NW
Albuquerque, NM 87102